IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

**F I L E D**

NOV - 6 2000

Phil Lombardi, Clerk
U.S. DISTRICT COURT

| | |
|---|---|
| ROGER MILLER, DEBRA MILLER, and BRADLEY MILLER, individually and ROGER MILLER and DEBRA MILLER, as parents and next friend of AUSTIN and NICOLE MILLER, minor children,<br><br>Plaintiffs,<br><br>vs.<br><br>BUDDY and LORI VISSER, individually, and the CITY OF TULSA,<br><br>Defendants. | **00CV 958H (M)**<br>Case No.<br><br>Tulsa County District Court<br>No. CJ 2000-04839 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1331, 1441 and 1446, Defendant City of Tulsa, Oklahoma, hereby removes this action from the District Court of Tulsa County, Oklahoma, where in it is titled and filed as: *Roger Miller, Debra Miller, and Bradley Miller, individually, and Roger Miller and Debra Miller, as parents and next friend of Austin and Nicole Miller, minor children, vs. Buddy and Lori Visser and the City of Tulsa*, CJ 2000-04839. As grounds for removal, said Defendant further states:

1. Plaintiff filed the original petition in this matter on October 5, 2000.

2. Defendant City of Tulsa was served with a copy of the summons on November 3, 2000.

3. At the time of the filing of Plaintiff's petition and at the present time Defendant City of Tulsa was and is a municipal corporation duly organized and existing under the laws of the State of Oklahoma, with its situs of government and principal place of business located in Tulsa, Oklahoma.

4. Copies of all process, pleadings and the docket sheet on file with the Tulsa County District Court Clerk as of the date of this notice are attached hereto as Exhibit "A."

5. This is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. §1331 and supplemental jurisdiction under the provisions of 28 U.S.C. §1367(a).

6. Under the provisions of 28 U.S.C. §1441(a)(b) and (c), the right exists to remove this cause from the District Court of Tulsa County, Oklahoma, to the United States District Court for the Northern District of Oklahoma, which embraces the location wherein this action is pending.

7. 28 U.S.C. §1331 vests original jurisdiction in this Court because Plaintiff has alleged violations of civil rights under undisclosed provisions of the Constitution of the United States.

8. Defendant City of Tulsa is the only properly served defendant subject to federal claims. As of the date of this notice, there is no evidence that any other named defendants have been served.

9. This notice of removal is filed within thirty (30) days after service upon Defendant City of Tulsa, and is timely under 28 U.S.C. §1446(b).

10. Written notice of the filing of this Notice of Removal was mailed to counsel for the Plaintiff this day pursuant to 28 U.S.C. §1446(d).

11. A copy of this Notice of Removal was filed this day with the Clerk of the District Court of Tulsa County this day pursuant to 28 U.S.C. §1446(d).

CITY OF TULSA, OKLAHOMA
a municipal corporation

By 
John E. Dorman, OBA 11289
Senior Assistant City Attorney
200 Civic Center, Room 316
Tulsa, Oklahoma 74103
(918) 596-7717

## CERTIFICATE OF SERVICE

I certify that on the same date this Notice of Removal was filed in the United States District Court for the Northern District of Oklahoma, a true and correct copy of said Notice of Removal was served upon the above-named Plaintiff by mailing said copies to: Wayne M. Copeland, 1602 South Main Street, Tulsa, Oklahoma 74119-4410; Steven W. Daniels, Gibbs and Harmon, 4606 South Garnett, Suite 310, Tulsa, Oklahoma 74146; and further that a copy of said Notice of Removal was delivered to the Court Clerk of Tulsa County, Oklahoma, Tulsa County Courthouse, for filing that same date.

John E. Dorman

OCIS Case Report                                                                                                      Page 1 of 2

The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. § 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY, OKLAHOMA

| ROGER MILLER, PARENT<br>DEBRA MILLER, PARENT OF<br>BRADLEY MILLER,<br>AUSTIN MILLER, MINOR<br>NICOLE MILLER, MINOR<br>    Plaintiff,<br>v.<br>BUDDY VISSER,<br>    Defendant, and<br>LORI VISSER,<br>    Defendant, and<br>THE CITY OF TULSA,<br>    Defendant. | No. CJ-2000-4839<br>(Civil relief more that $10k)<br>Filed: 10/05/2000<br><br>Judge: Sharron M. Bubenik |
|---|---|

## Docket

| Date | Code | Count | Party | Serial # | Entry Date |
|---|---|---|---|---|---|
| 10/05/2000 | TEXT | - | - | 40419106 | Oct 5 2000 12:45:49:000PM |
| | Civil relief more that $10k Initial Filing. | | | | |
| 10/05/2000 | OTHER | - | - | 40419107 | Oct 5 2000 12:45:49:000PM |
| 10/05/2000 | PFE1 | - | - | 40419108 | Oct 5 2000 12:45:49:850PM |
| | PETITION($ 69.00) | | | | |
| 10/05/2000 | PFE7 | - | - | 40419109 | Oct 5 2000 12:45:49:850PM |
| | LAW LIBRARY FEE($ 3.00) | | | | |
| 10/05/2000 | DMFE | - | - | 40419110 | Oct 5 2000 12:45:49:850PM |
| | DISPUTE MEDIATION FEE($ 2.00) | | | | |
| 10/05/2000 | CHAB | - | - | 40419111 | Oct 5 2000 12:45:49:850PM |
| | Child Abuse Multidisciplinary Fee($ 10.00) | | | | |
| 10/05/2000 | ACCOUNT | - | | 40419119 | Oct 5 2000 12:46:48:520PM |
| | Receipt # 2000-118138 on 10/05/2000.<br>Payor: WAYNE M COPELAND Total Amount Paid: $ 84.00.<br>Line Items:<br>CJ-2000-4839: $69.00 on AC01 CLERK'S FEES Civil and Criminal.<br>CJ-2000-4839: $3.00 on AC23 (Formerly AC03 CV) LAW LIBRARY FEE Civil and Criminal.<br>CJ-2000-4839: $2.00 on AC64 (Formerly AC13) Dispute Mediation Fees Civil Only.<br>CJ-2000-4839: $10.00 on AC69 CHILD ABUSE MULTIDISCIPLINARY FEE. | | | | |
| 10/27/2000 | SMF | - | - | 40569385 | Oct 27 2000 3:19:01:943PM |
| | SUMMONS FEE ACO1 5.00($ 15.00) | | | | |
| 10/27/2000 | SMIMA | - | - | 40569398 | Oct 27 2000 3:19:14:053PM |
| | SUMMONS ISSUED - MAILED BY ATTORNEY | | | | |
| 10/27/2000 | SMIP | - | - | 40569401 | Oct 27 2000 3:19:26:083PM |
| | SUMMONS ISSUED - PRIVATE PROCESS SERVER 2 | | | | |
| 10/27/2000 | ACCOUNT | - | | 40569413 | Oct 27 2000 3:20:25:143PM |

OCIS Case Report                                                                                          Page 2 of 2

Receipt # 2000-127689 on 10/27/2000.
Payor: MILLER, AUSTIN Total Amount Paid: $ 15.00.
Line Items:
CJ-2000-4839: $15.00 on AC01 CLERK'S FEES Civil and Criminal.

Report Generated by The Oklahoma Court Information System at November 06, 2000 13:58:51.
End of Transmission.

## SUMMONS
### IN THE DISTRICT COURT OF TULSA COUNTY
### STATE OF OKLAHOMA, 500 SOUTH DENVER, TULSA, OKLAHOMA 74103

FILED

_____  Case No. _____

_____ Plaintiff(s)

vs.

Attorney(s) for Plaintiff(s)
Name _____
Address _____
_____

_____
_____ Defendant(s)

Telephone _____

Appointed to serve. PSL # _____

To the above-named Defendant(s)

Authorized by _____

You have been sued by the above named plaintiff(s), and you are directed to file a written answer to the attached petition and order in the court at the above address within twenty (20) days after service of this summons upon you exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff. Unless you answer the petition within the time stated judgment will be rendered against you with costs of the action.

Issued this _____ day of _____, _____.

Sally Howe Smith, Court Clerk

By _____, Deputy Court Clerk

(Seal)

This summons and order was served on _____.
(date of service)

_____
(Signature of person serving summons)

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THIS SUMMONS.

**Return ORIGINAL for filing.**

Form 2290 (Rev. 9-85) Page 2 of 5 CFB

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

**DISTRICT COURT**
**F I L E D**
OCT 5 - 2000
SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

ROGER MILLER, DEBRA MILLER, )
and BRADLEY MILLER, individually, and )
ROGER MILLER and DEBRA MILLER, )
as parents and next friend of AUSTIN and )
NICOLE MILLER, minor children, )
)
        Plaintiffs, )
)
v. )   Case No.: CJ 2000 04330
)
BUDDY and LORI VISSER, individually )
and THE CITY OF TULSA, )
) JURY TRIAL DEMANDED
        Defendants. ) ATTORNEYS LIEN CLAIMED

SHARRON BUBENIK

## PETITION

COMES NOW the Plaintiff's, by and through their attorneys of record, Wayne M. Copeland and Steven W. Daniels, and for their cause of action against the Defendant's Buddy and Lori Visser (hereinafter "Visser's") and the City of Tulsa state:

1. The events giving rise to this action occurred on or about April 7, 2000, in Tulsa County, Oklahoma.

2. The Visser's reside in Okmulgee County and the City of Tulsa is a municipal corporation in Tulsa, Oklahoma. The Plaintiff's were residents of Oklahoma, on April 7, 2000, therefore, venue and jurisdiction are proper.

### GENERAL ALLEGATIONS OF FACT

3. On Friday, April 7, 2000, at approximately 9:55 p.m., Debra Miller was driving her 1998 Pontiac Bonneville 4-door automobile southbound on U.S. Highway 75. Ms. Miller, who was accompanied by three (3) of her children and a guest minor child, turned west onto 201st East Avenue, when a white vehicle pulled in front of her vehicle and stopped and another vehicle pulled

in and stopped behind her. The operator of the white vehicle, now known to be Tulsa Police Officer Buddy Visser, exited his vehicle, pointed a firearm at Ms. Miller and the occupants and began ordering her to exit the vehicle or she would be shot. The assisting officer, now known to be Tulsa Police Officer Laurie Visser, also exited the vehicle she was operating and pointed her firearm at Ms. Miller and told her to exit the vehicle or she would be shot. Debra Miller was forcibly removed from her vehicle, as was her son, Bradley Miller. Buddy Visser forcibly removed Bradley Miller from the vehicle by pulling him by his hair, shoved him to the ground, and put his pistol to Bradley Miller's head while threatening him with death. For approximately one (1) hour, Ms. Miller, her family and guest were cursed, intimidated, harassed and threatened with death, bodily harm, incarceration, vehicle forfeiture, and DHS intervention, all without any legal justification. Upon the arrival of the Tulsa County Sheriff's Office, Ms. Miller and her occupants were allowed to continue home after this ordeal. Ms. Miller subsequently contacted the Tulsa Police Department Internal Affairs Division as well as the criminal investigation unit of the Tulsa County Sheriff's Office to initiate her grievances.

## COUNT I - ASSAULT

4.   Plaintiff's Debra Miller, Bradley Miller, Nicole Miller and Austin Miller reallege and readopt paragraphs 1 through 3 as though fully set forth herein.

5.   Defendants Vissers' actions were made with the intent of making a harmful and offensive contact with the Plaintiff's and/or with the intent of putting Plaintiff's in apprehension of such a contact. Plaintiff's were placed in apprehension of an immediate harmful and offensive contact with their person by the conduct of the Visser's and/or the Plaintiff's were caused to suffer fright and terror. The assault committed by the Visser's was intentional, reckless, malicious, willful and outrageous.

## COUNT II - BATTERY

6. Plaintiff's Debra and Bradley Miller reallege and readopt paragraphs 1 through 5 as though fully set forth herein.

7. The Visser's, without the consent of the Plaintiff's Debra and Bradley Miller, acted either with the intent of making a harmful contact with the Plaintiff's and/or with the intent of putting Plaintiff's in apprehension of such a contact. The Visser's actions resulted in a harmful and offensive contact with the Plaintiff's.

## COUNT III - FALSE ARREST AND FALSE IMPRISONMENT

8. Plaintiff's Debra, Bradley, Nicole and Austin Miller reallege and readopt paragraphs 1 through 7 as though fully set forth herein.

9. The Visser's, acting under color of authority and without the consent and will of the Plaintiff's, willfully and maliciously restrained the Plaintiff's from exercising their freedom of movement. The Visser's actions resulted in an unlawful restraint of the Plaintiff's without legal justification.

## COUNT IV - INTENTIONAL INFLICTION OF SEVERE EMOTIONAL DISTRESS

10. Plaintiff's Debra, Bradley, Nicole and Austin Miller reallege and readopt paragraphs 1 through 9 as though fully set forth herein.

11. The Visser's actions were so extreme and outrageous as to go beyond all possible bounds of decency and were atrocious and utterly intolerable in our society. The Visser's intentionally and/or recklessly caused sever emotional distress to the Plaintiff's beyond that which a reasonable person could be expected to endure.

## COUNT V - NEGLIGENT INFLICTION OF SEVERE EMOTIONAL DISTRESS

12. Plaintiff's Roger, Debra, Nicole and Austin Miller reallege and readopt paragraphs 1 through 11 as though fully set forth herein.

13. The Visser's were negligent by their actions and conduct taken during the arrest, assaults, batteries and imprisonments of the Plaintiffs. As a result of the Visser's negligence, the minor children suffered severed fright and emotional trauma.

### COUNT VI - MALICIOUS PROSECUTION

14. Plaintiff's Debra and Bradley Miller reallege and readopt paragraphs 1 through 13 as though fully set forth herein.

15. The Visser's commenced a felony criminal action against the Plaintiff's Bradley and Debra Miller with the Glenpool Police Department on or about April 8, 2000, charging them with the felony offense of throwing an object from a moving vehicle. The commencement of the prosecution for this criminal offense was malicious and instigated by the Visser's without probable cause. As a result of the attempted criminal prosecution, which has been legally and finally terminated in favor of the Plaintiff's, the Plaintiff's sustained further injury.

### COUNT VII - NEGLIGENT HIRING, TRAINING AND SUPERVISION

16. Plaintiff's Roger, Debra, Bradley, Nicole and Austin Miller reallege and readopt paragraphs 1 through 15 as though fully set forth herein.

17. Based upon the belief of the Plaintiff's, the City of Tulsa was negligent in the hiring, training and supervision of the Visser's who purportedly were acting under color of authority on the date this action arose.

### COUNT VIII - TITLE 42 § 1983 DEPRIVATION OF RIGHTS

18. Plaintiff's Debra, Bradley, Nicole and Austin Miller reallege and readopt paragraphs 1 through 17 as though fully set forth herein.

19. The Visser's, acting under color of authority, deprived the Plaintiff's of their inalienable rights and privileges and immunities secured by the Constitution and laws of the United States.

## DAMAGES

20. Plaintiff's reallege and readopt paragraphs 1 through 19 as though fully set forth herein.

As a direct and proximate result of the willful, malicious, intentional, reckless, outrageous and negligent conduct of the Defendant's, the Plaintiff's have sustained serious and permanent injuries, physical pain, emotional trauma, emotional suffering and discomfort, both past and future, loss of the full of enjoyment of life, and have incurred and can expect to incur expenses for reasonable and necessary medical care and evaluation.

WHEREFORE, Plaintiff's respectfully pray for judgment in their behalf and against the Defendant's for actual and punitive damages in excess of TEN THOUSAND DOLLARS ($10,000.00), together with all interest, costs, attorney fees and other such relief as this Court deems just and proper.

Respectfully submitted,

By: /s/ Wayne M. Copeland
Wayne M. Copeland, OBA# 13880
1602 South Main Street
Tulsa, Oklahoma 74119-4410
Office: (918) 583-1464
Facsimile: (918) 583-1466

-and-

By: /s/ Steven W. Daniels
Steven W. Daniels, OBA# 12259
Gibbs & Harmon
4606 South Garnett, Suite 310
Tulsa, Oklahoma 74146
Office: (918) 664-7292
Facsimile (918) 664-0302

ATTORNEYS FOR PLAINTIFFS